**GUI HUA ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General[1], Respondent.**

No. 07–1668–ag.

United States Court of Appeals, Second Circuit.

Nov. 21, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former *Attorney General Alberto R. Gonzales as* a respondent in this case.

**874**

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, Dimitri N. Rocha, Attorney, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Gui Hua Zhang, a native and citizen of China, seeks review of an April 4, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Zhang,* No. A78 864 436 (B.I.A. Apr. 4,

2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA properly denied Zhang's second motion to reopen as numerically barred. *See* 8 C.F.R. § 1003.2(c)(2) (an alien may file only one motion to reopen). Moreover, the BIA did not abuse its discretion in finding that Zhang failed to present material evidence of changed country conditions in order to satisfy the exception to this numerical bar. *Cf.* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA properly relied on the agency's unchallenged adverse credibility finding in the underlying proceeding to reject the authenticity of both Zhang's affidavit and the alleged sterilization notice. *See Zheng v. Gonzales,* 500 F.3d 143, 146–47, (2d Cir. 2007). It also reasonably found that Zhang's affidavit did not warrant reopening where it was "virtually identical" to the one submitted with her first motion. *Cf. Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam) (finding that the BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected). Additionally, the BIA appropriately found that Zhang's husband's letter does not support reopening where it stated only that the Chinese government still searches for

Zhang, a fact she asserted in her prior motion to reopen. *See id.* Moreover, the BIA correctly noted that Zhang did not demonstrate why a letter from her husband was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(3)(ii). As such, the denial of Zhang's motion was not an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).